# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Mark Anthony Smith Jr.,                          Case No. 21-cv-2249 (DSD/ECW)

               Plaintiff,

v.                                               **REPORT AND RECOMMENDATION**

Ashley Youngbird,

               Defendant.

This matter is before the Court on the Motion to Dismiss of Defendant Ashley Youngberg in Her Official Capacity Only (Dkt. 20) ("Motion to Dismiss"). This case has been referred to the undersigned United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

## I.        RELEVANT BACKGROUND

On October 12, 2021, pro se Plaintiff Mark Anthony Smith Jr. ("Plaintiff" or "Smith") initiated this case under 42 U.S.C. § 1983 against Ashley Youngberg[1] (incorrectly named as "Youngbird") and the Minnesota Department of Correction ("MDOC"). (Dkt. 1 at 1, 6.)[2]  Youngberg is a former correctional officer at Minnesota Correctional Facility-Moose Lake ("MCF-Moose Lake"). (*Id.*; *see also* Dkt. 22 at 1 n.2.)

---

[1]      Youngberg is incorrectly identified as "Youngbird" in Smith's pleadings. (*See* Dkt. 22 at 1 n.1 ("The Amended Complaint misspells Defendant's name."); *see also* Dkt. 25 at 1 ("Defendant Ashley Youngberg (incorrectly named in the pleadings as Youngbird)").)

[2]      All page number citations are to the CM/ECF pagination unless otherwise noted.

Smith also filed an Application to Proceed in District Court Without Prepaying Fees or Cost ("IFP Application") on October 12, 2021.  (Dkt. 2.)  On October 14, 2021, the Court entered an order requiring Smith to pay an initial partial filing fee and noted that the Complaint was subject to review under 28 U.S.C § 1915A.  (Dkt. 3 at 3.)  To that end, the Court stated that "[a]s a state agency, . . . the MDOC is not a 'person' amenable to suit under § 1983" and that while Youngberg could be sued under § 1983 for actions taken by her as a state official, the complaint raised claims against Youngberg "only in her official capacity rather than her individual capacity . . . [and that] Smith also alludes to the Prison Rape Elimination Act ('PREA'), but that statute does not provide a private right of action to litigants."  (*Id.* at 3-4.)  As a result, the Court gave Smith an opportunity to file an amended complaint pursuant to § 1915A and encouraged Smith to contact the Federal Bar Association ("FBA") to "ask that organization to help him find a lawyer to assist in drafting an amended complaint," noting that a separate letter for a referral to the FBA would issue.  (*Id.* at 4; *see also* Dkt. 4.)

Smith filed a motion to amend the complaint on October 29, 2021, along with a copy of the proposed amended complaint against Youngberg and "Mr. Ortega," a correctional officer at MCF-Moose Lake.  (Dkts. 6, 6-1.)  The Court granted the motion to amend on November 3, 2021, and directed the Clerk of Court to re-docket the proposed amended complaint (Dkt. 6-1) as the Amended Complaint under a separate docket listing.  (Dkt. 7 at 1.)  The Clerk of Court did so on November 4, 2021, and that Amended Complaint is the operative complaint.  (*See* Dkt. 11.)  Also on November 3, 2021, the Court issued a Report and Recommendation ("R&R") based on its review of

the Amended Complaint recommending dismissal of the claims against Ortega for failure to state a claim.  (Dkts. 7, 8.)  The Court made this recommendation because the Amended Complaint did "not include any allegations whatsoever regarding defendant Ortega; indeed, outside of the caption and the list of defendants, Ortega is not mentioned at all in the amended complaint," and as a result, recommended that Ortega be dismissed without prejudice from this litigation.  (Dkt. 8 at 1-2.)  Smith did not file any objections to the R&R, and on November 30, 2021, U.S District Judge David S. Doty adopted the R&R.  (Dkt. 16.)  Thus, the only remaining defendant in this case is Youngberg, who is sued in her individual and official capacity.  (Dkt. 11 at 2.)

The Amended Complaint asserts § 1983 claims against Youngberg, alleging that she sexually assaulted Smith on six separate occasions in 2018 while he was incarcerated at the MCF-Moose Lake.[3]  (*Id.* at 5-7.)  Smith alleges Youngberg violated his rights pursuant to the: PREA, Civil Rights of Institutionalized Persons Act ("CRIPA"), Fifth Amendment "under Due Process for the violation(s) of The (PREA)," Eighth and Fourteenth Amendments, "Minnesota Bill of rights under cruel and unusual punishment." "Minnesota bill of rights under Due Process and Equal protection of law," and Fourth Amendment "under search and seizure clause."  (*Id.* at 3-4.)  Smith seeks monetary damages and injunctive relief.  (*Id.* at 8-11.)

---

[3]      Smith is now incarcerated at the Minnesota Correctional Facility–Faribault ("MCF-Faribault").  *Offender Information*, MN Department of Corrections, https://coms.doc.state.mn.us/publicviewer/OffenderDetails/Index/243146/Search (last visited July 28, 2022).

On November 30, 2021, the Minnesota Attorney General's Office entered an appearance for Youngberg in her official capacity only. (Dkt. 17.) On December 20, 2021, Youngberg filed the Motion to Dismiss seeking dismissal of claims against her in her official capacity only pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and the Eleventh Amendment. (Dkt. 20.) In the supporting memorandum to the Motion to Dismiss, Youngberg argues that Smith's "[S]ection 1983 claims for damages, PREA claim, CRIPA claim, and federal claims for injunctive relief fail as a matter of law" and that "under the Eleventh Amendment, this Court should not adjudicate whether the state violated the Minnesota state constitution." (Dkt. 22 at 1.) Particularly, Youngberg contends that the official capacity claims fail because: (1) Smith cannot bring claims against her under § 1983; (2) the Court should not adjudicate whether the state violated the Minnesota state constitution; (3) the PREA does not create a private right of action; (4) the CRIPA does not create a private right of action; and (5) although the Amended Complaint seeks injunctive relief, it alleges no ongoing violations of federal law. (*Id.* at 3-8.) Youngberg filed a Certificate of Service showing the Motion to Dismiss, along with supporting documents, were sent to Smith at MCF-Faribault on December 20, 2021. (Dkt. 24.)

On January 7, 2022, a private attorney filed an Answer and Counterclaims on behalf of Youngberg in her individual capacity. (Dkt. 25.) On January 18, 2022, the Court entered an Order Setting Deadlines, ordering Smith to file a response to the Motion to Dismiss by January 31, 2022, as well as to file an answer to Youngberg's counterclaims by January 31, 2022. (Dkt. 26.) To date, Smith has not filed a response to

4

the Motion to Dismiss, filed an answer to the counterclaims, or communicated with the Court in any other manner.  The Court will address Smith's claims against Youngberg in her individual capacity and the Answer and Counterclaim in a separate Order filed concurrently with this Report and Recommendation.

## II.    MOTION TO DISMISS

### A.    Legal Standard

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'"  *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation omitted).  Thus, subject matter jurisdiction "is a threshold requirement which must be assured in every federal case."  *Turner v. Armontrout*, 922 F.2d 492, 493 (8th Cir. 1991).  Federal Rule of Civil Procedure 12(b)(1) permits a party to challenge whether the court has subject matter jurisdiction to hear the matter.  *Johnson v. United States*, 534 F.3d 958, 964 (8th Cir. 2008).  When considering a Rule 12(b)(1) motion, a district court may consider matters outside the pleadings.  *Satz v. ITT Fin. Corp.*, 619 F.2d 738, 742 (8th Cir. 1980).  "[N]o presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.  Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist."  *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990).

When deciding a Rule 12(b)(1) motion, the Court must first "distinguish between a 'facial attack' and a 'factual attack.'"  *Id.* at 729 n.6 (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)).  In a facial challenge to jurisdiction,

such as in this case, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction. *See Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). In contrast, in a factual attack, the court makes "inquiries into and resolves factual disputes," *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 801 (8th Cir. 2002), and is free to "consider[ ] matters outside the pleadings," *Osborn*, 918 F.2d at 729 n.6. The nonmoving party in a factual challenge does not enjoy the benefit of Rule 12(b)(6) safeguards. *Id.* "If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate." *Biscanin v. Merrill Lynch & Co., Inc.*, 407 F.3d 905, 907 (8th Cir. 2005).

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the pleadings are construed in the light most favorable to the non-moving party, and the facts alleged in the complaint must be taken as true. *See Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). In addition, a court must afford the plaintiff all reasonable inferences from those allegations. *See Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010). At the same time, to withstand a motion to dismiss under Rule 12(b)(6), litigants must properly plead their claims under Federal Rule of Civil Procedure 8 and meet the principles articulated by the United States Supreme Court in *Iqbal* and *Twombly*.

Under Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading standard articulated by Rule 8 "does not require detailed factual allegations, but it [does

demand] more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "[T]he plausibility standard, which requires a federal court complaint to state a claim for relief that is plausible on its face, . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Ritchie v. St. Louis Jewish Light*, 630 F.3d 713, 717 (8th Cir. 2011) (internal quotation and citation omitted). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted).

Following *Twombly* and consistent with *Iqbal*, the Eighth Circuit explained:

> While a plaintiff need not set forth detailed factual allegations or specific facts that describe the evidence to be presented, the complaint must include sufficient factual allegations to provide the grounds on which the claim rests. A district court, therefore, is not required to divine the litigant's intent and create claims that are not clearly raised, and it need not conjure up unpled allegations to save a complaint.

*Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (cleaned up).

If matters outside the pleadings "are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). "Though matters 'outside the pleadings' may not be considered in deciding a Rule 12 motion to dismiss, documents necessarily embraced by the complaint are not matters outside the pleading." *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017) (quoting *Enervations, Inc. v. Minn. Mining & Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004)). Thus, while courts primarily consider the allegations in the complaint in determining whether to grant a Rule 12(b)(6) motion, courts additionally consider items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned, without converting the motion into one for summary judgment. *Id.* (citations omitted); *see also Miller v. Redwood Toxicology Lab, Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012).

Pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Nevertheless, "[t]hough *pro se* complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (citation omitted). As the Eighth Circuit has explained:

> When we say that a pro se complaint should be given liberal construction, we mean that if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework. That is quite different, however, from requiring the district court to assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint.

*Stone*, 364 F.3d at 915. Consequently, a court "'will not supply additional facts, nor will [it] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Id.* (quoting *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

**B.    Discussion**

**1.    Smith's Official Capacity Claims Should Be Dismissed on Procedural Grounds**

Pursuant to Local Rule 7.1(c)(2), "[w]ithin 21 days after filing of a dispositive motion and its supporting documents . . ., the responding party must file and serve the following documents: (A) memorandum of law; and (B) any affidavits and exhibits." D. Minn. LR 7.1(c)(2). The Motion to Dismiss was filed on December 20, 2021 and served by U.S. Mail, making Smith's response due on January 13, 2022. Fed. R. Civ. P. 6(a)(1), 6(d); D. Minn. LR 7.1(c)(2). Smith failed to file a response by that deadline. However, on January 18, 2022, the Court afforded Smith an opportunity to file the response by *sua sponte* extending the deadline to January 31, 2022. (*See* Dkt. 26 ("Plaintiff must file his response to the Motion to Dismiss on or before **January 31, 2022**.").) Over five months have passed since the extended January 31, 2022 deadline and Smith has still not filed the required response, nor has he communicated with the Court in any manner.

Rule 41(b) of the Federal Rules of Civil Procedure provides:

**(b) Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--

except one for lack of jurisdiction, improper venue, or failure to join a party
under Rule 19--operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

Rule 41(b) permits a court to "*sua sponte* dismiss an action without prejudice
when a pro se party fails to comply with a court order." *Dudley v. Roy*, 2015 WL 75257,
at *3 (D. Minn. Jan. 6, 2015) (citing *Thompson v. Steed*, 369 F. App'x 763, 764 (8th Cir.
2010) (affirming dismissal without prejudice for failure to prosecute when litigant failed
to comply with a court order requiring him to submit a witness and exhibit list); *Fitzwater
v. Ray,* 352 F. App'x 125, 126 (8th Cir.2009) (affirming dismissal without prejudice
when plaintiffs failed to comply with court order requiring them to file an amended
complaint)). "The Supreme Court confirmed in *Link* that under Rule 41(b), a court may
dismiss an action sua sponte for failure to prosecute so long as it is within the reasonable
bounds of the court's discretion." *Kral v. Reiser*, Civ. No. 15-3444 (DWF/FLN), 2016
WL 3960360, at *2 (D. Minn. June 24, 2016) (citing *Link v. Wabash R.R. Co.*, 370 U.S.
626, 630-33 (1962)).

Smith has failed to comply with this Court's Local Rules and the January 18, 2022
Order regarding the Motion to Dismiss. As such, the Court recommends that the claims
asserted against Youngberg in her official capacity be dismissed without prejudice for
failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See
Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) (per
curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a
plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or

10

any court order."); *see also Kral*, 2016 WL 3960360 (recommending dismissal without prejudice for failure to prosecute pursuant to Rule 41(b) because plaintiff's responses to defendants' dispositive motions were long overdue and plaintiff did not request "an extension of time to respond from the Court," rendering Defendants' motions, "for all intents and purposes, unopposed").

Moreover, for the reasons discussed below, the Court recommends dismissal of the official capacity claims on substantive grounds.

### 2. Smith's Official Capacity Claims Should Also Be Dismissed on Substantive Grounds

As previously stated, Youngberg argues that the claims asserted against her in her official capacity should be dismissed because: (1) Smith cannot bring claims against her in her official capacity under § 1983; (2) the Court should not adjudicate whether the state violated the Minnesota Constitution; (3) the PREA does not create a private right of action; (4) the CRIPA does not create a private right of action; and (5) although the Amended Complaint seeks injunctive relief, it alleges no ongoing violations of federal law. (Dkt. 22 at 3-8.) The Court addresses these arguments below.

### a. Section 1983 Official Capacity Claims Seeking Monetary Damages

Smith seeks monetary damages for the alleged violation of his rights. (Dkt. 11 at 8-11.) Under § 1983, "[a] suit against a government official in his or her official capacity is 'another way of pleading an action against an entity of which an officer is an agent.'" *Baker v. Chisom*, 501 F.3d 920, 925 (8th Cir. 2007) (quoting *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 n.55 (1978)); *see also Gorman v. Bartch*, 152 F.3d 907, 914

(8th Cir. 1998) (citation omitted) ("Claims against individuals in their official capacities are equivalent to claims against the entity for which they work . . . ."). "A plaintiff may not sue a state in federal court unless the state consents to the suit or Congress abrogates the state's sovereign immunity." *McCollum v.* Titus, Case No. 21-cv-1774 (NEB/HB), 2022 WL 2496249, at *7 (D. Minn. June 2, 2022) (citing *Skelton v. Henry*, 390 F.3d 614, 617 (8th Cir. 2004)). "This immunity extends to state agencies and to official-capacity claims against state employees, regardless of the relief sought." *Id.* (citing *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984)). "Congress has not abrogated the states' immunity against claims brought under § 1983 and Minnesota has not waived its Eleventh Amendment immunity." *Id.* (citing *DeGidio v. Perpich*, 612 F. Supp. 1383, 1388-89 (D. Minn. 1985); *Smith v. Fabian*, Case No. 10-cv-2193 (JRT/TNL), 2012 WL 1004982, at *3 (D. Minn. Mar. 25, 2012) (no waiver of sovereign immunity as to section 1983 claims)).

Here, in the Amended Complaint, Smith listed "correctional officer MCF-Moose Lake/MN DOC" under Youngberg's name. (Dkt. 11 at 2; *see also* Dkt. 22 at 1 n.2 (stating Youngberg is a former corrections officer at MCF-Moose Lake).) Accordingly, a suit against Youngberg in her official capacity is in essence a suit against MDOC.[4] As this Court has already explained to Smith, as "a state agency, however, the MDOC is not a 'person' amenable to suit under § 1983." (*See* Dkt. 3 at 3-4 (citing *Stanton v. Johnson*,

---

[4]    *See Minnesota Correctional Facility – Moose Lake*, MN Department of Corrections, https://mn.gov/doc/facilities/willow-river-moose-lake/moose-lake.jsp (last visited July 28, 2022).

13 F. App'x 441, 441 (8th Cir. 2001) (per curiam) ("[A]bsent waiver of Eleventh Amendment immunity, neither state nor its agencies may be subject to suit in federal court.").)  For these reasons, Youngberg in her official capacity is not a "person" subject to suit under § 1983, *see Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989), nor are monetary damages available under § 1983 against her in her official capacity, *see Richards v. Dayton*, Civil No. 13-3029 (JRT/JSM), 2015 WL 1522199, at *15 (D. Minn. Jan. 30, 2015) ("Richards has asserted § 1983 claims for compensatory and punitive damages against Dayton, Roy, Ritchie, Anderson, and Black ('State Defendants') in their official capacities.  However, none of the State Defendants has consented to suit.  As such, the Eleventh Amendment bars these § 1983 claims for compensatory and punitive damages against the State Defendants in their official capacities, and this Court lacks jurisdiction over the matter."), *R. & R. adopted*, 2015 WL 1522237; *King v. Dingle*, 702 F. Supp. 2d 1049, 1069 (D. Minn. 2010) ("[T]he Eleventh Amendment bars actions, in Federal Court, which seek monetary damages from individual State Officers, in their official capacities, as well as State Agencies, because such lawsuits are essentially for the recovery of money from the state.") (citation and quotations omitted).

Accordingly, the Court recommends dismissal of the § 1983 claims against Youngberg in her official capacity to the extent Smith seeks monetary damages.

### b.    Section 1983 Official Capacity Claims Seeking Injunctive Relief

Smith also seeks "injunctive relief to correct any policy, or customs [t]hat have become deeply rooted [t]hat would create any [a]buse or unnecessary risk."  (Dkt. 11 at 10.)  Youngberg argues that injunctive relief is inappropriate here because Smith's

allegations relate only to conduct that occurred in 2018 and Smith has not alleged any ongoing violations of federal law or that he is suffering in any way from an ongoing constitutional violation. (Dkt. 22 at 7.) Youngberg also argues that Smith's claims fail against her in her official capacity because Smith did not plead that she took any action pursuant to an unconstitutional or unlawful governmental policy or custom or that she possessed final authority to establish relevant policies and used that authority in an unconstitutional or unlawful manner. (*Id.* at 8.)

"[T]he Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law." *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 438 (2004) (citing *Ex Parte Young*, 209 U.S. 123 (1908)); *see also Bennie v. Munn*, 822 F.3d 392, 397 (8th Cir. 2016) ("[D]eclaratory judgment and injunctions against future retaliation [] is the sort of prospective relief that can be sought in federal court from state officials sued in their official capacities, notwithstanding the state's sovereign immunity."). "Under the *Ex Parte Young* doctrine, a private party can sue a state officer in his official capacity to enjoin a prospective action that would violate federal law." *Care Comm. v. Arneson*, 638 F.3d 621, 632 (8th Cir. 2011). "In determining whether this exception applies, a court conducts 'a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Id.* (quoting *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 645 (2002)) (cleaned up). Under *Ex Parte Young*, a state official "cannot be sued merely as a representative of the state itself," instead, the official "must have 'some connection with the enforcement of the act.'" *Id.* (citation omitted).

Smith complains of conduct that allegedly occurred at MCF-Moose Lake in 2018 (Dkt. 11 at 2, 5-7), but has been incarcerated at MCF-Faribault since at least October 12, 2021, (*see* Dkt. 1 (initial complaint stating Smith's address as the MCF-Faribault facility)). Because Smith is no longer incarcerated at MCF-Moose Lake, and has alleged no facts suggesting Youngberg poses any threat to him, he has not alleged a real and immediate threat of future harm, rendering his claims for injunctive relief moot. *See Greene v. Lake*, Case No. 0:17-cv-3551-SRN-KMM, 2018 WL 2209221, at *2 (D. Minn. April 24, 2018) ("Because Mr. Greene is no longer held in Carlton County Jail, he is no longer subject to the conditions of confinement that are the subject of the allegations in his Amended Complaint. Therefore, he cannot show that he faces a real and immediate threat of future harm. This reality makes his claims for prospective equitable and injunctive relief moot.").

Moreover, although Smith seeks injunctive relief "to correct any policy, or customs that have become deeply rooted that would create any abuse or unnecessary risk" (Dkt. 11 at 10), he has not alleged any facts from which the Court can plausibly infer that any such policy, custom, or final authority that caused the alleged constitutional violations at issue exists, or that Youngberg had some sort of personal involvement with any constitutional policy or action. *See Young Am.'s Found. v. Kaler*, 370 F. Supp. 3d 967, 980 (D. Minn. 2019) ("[W]hether suing a state defendant in their official or individual capacity, a plaintiff must plausibly allege that that official had some kind of personal involvement with the purportedly unconstitutional policy or action."); *see also Issaenko v. Univ. of Minn.*, 57 F. Supp. 3d 985, 1019 (D. Minn. 2014) ("With respect to

the claims for injunctive relief against the Individual Defendants and Bazzaro in their official capacities, these claims are deficient because they fail to plead that any constitutional violations perpetrated by the Individual Defendants and/or Bazzaro that were the result of an unconstitutional policy or custom of the University.") (citations omitted).  For all of these reasons, the Court recommends dismissal of the § 1983 claims against Youngberg in her official capacity.

### c.    PREA and CRIPA Claims

Smith asserts the PREA, 42 U.S.C. § 15601 et seq., and the CRIPA, 42 U.S.C. § 1997a, as a basis for his claims.  (Dkt. 11 at 3, 8-9.)  The Court recommends dismissal of all official capacity claims under those statutes.

First, the PREA does not provide a private right of action to litigants.  *See LeMasters v. Fabian*, Civ. No. 09-702 DSD/AJB, 2009 WL 1405176, at *2 (D. Minn. May 18, 2009) ("The Court finds that Plaintiff's current complaint fails to state an actionable claim for relief, because the statute on which this action purportedly is based, the PREA, does not create a right of action that is privately enforceable by an individual civil litigant); *see also Krieg v. Steele*, 599 F. App'x 231, 232-33 (5th Cir. 2015) (per curiam) ("Insofar as Krieg argues that his rights under the Prison Rape Elimination Act of 2003 . . . were violated, other courts addressing this issue have found that the PREA does not establish a private cause of action for allegations of prison rape."); *Gilmore v. Martin*

*Cnty. Sheriff Dep't*, No. 19-CV-0141 (WMW/ECW), 2019 WL 3878090, at *3 (D. Minn. July 12, 2019), *R .& R. adopted*, 2019 WL 3859516 (D. Minn. Aug. 16, 2019) (same) (collecting cases).

As for the CRIPA, it states:

> Whenever the Attorney General has reasonable cause to believe that any State or political subdivision of a State, official, employee, or agent thereof, or other person acting on behalf of a State or political subdivision of a State is subjecting persons residing in or confined to an institution, as defined in section 1997 of this title, to egregious or flagrant conditions which deprive such persons of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States causing such persons to suffer grievous harm, and that such deprivation is pursuant to a pattern or practice of resistance to the full enjoyment of such rights, privileges, or immunities, the Attorney General, for or in the name of the United States, may institute a civil action in any appropriate United States district court against such party for such equitable relief as may be appropriate to insure the minimum corrective measures necessary to insure the full enjoyment of such rights, privileges, or immunities, except that such equitable relief shall be available under this subchapter to persons residing in or confined to an institution as defined in section 1997(1)(B)(ii) of this title only insofar as such persons are subjected to conditions which deprive them of rights, privileges, or immunities secured or protected by the Constitution of the United States.

42 U.S.C. § 1997a(a).

As the plain language of the statute suggests, CRIPA does not provide a private right of action, rather, only the Attorney General of the United States is authorized to bring actions under CRIPA. *See Ravan v. Benton*, CV420-267, 2021 WL 4270127, at *1 (S.D. Ga. Sept. 2, 2021) (finding that CRIPA "creates no private right of action, *only* the Attorney General of the United States is authorized to bring actions under CRIPA"); *Clark v. True*, Case No. 20-cv-00049-JPG, 2021 WL 3860461, at *3 (S.D. Ill. Aug. 30, 2021) ("CRIPA provides no private right of action for money damages."); *Rudd v.*

*Polsner*, No. 99-4466, 2000 WL 1206515, at *1 (6th Cir. 2000) ("The district court correctly noted that Rudd had no private right to bring an action under CRIPA"); *Mason v. Besse*, Case No. 3:20cv246(KAD), 2020 WL 2523506, at *4 (D. Conn. May 18, 2020) ("Insofar as the express language of 42 U.S.C. §§ 1997 et seq. authorizes the Attorney General to file suit, district courts have consistently held that the CRIPA does not provide an individual with a private right of action.") (collecting cases).

As such, to the extent Smith asserts official capacity claims under the PREA or the CRIPA, those claims should be dismissed.

### d.    Minnesota State Constitution

Smith also cites the "Minnesota Bill of rights under cruel and unusual punishment" and the "Minnesota bill of rights under Due Process and Equal protection of law" as a "[b]asis for jurisdiction." (Dkt. 11 at 4.) Youngberg argues that the Eleventh Amendment bars this Court from evaluating whether she violated the Minnesota Constitution while acting in her official capacity. (Dkt. 22 at 4-5.) She also contends that there is no private right of action under the Minnesota Constitution. (*Id.* at 5.)

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "The Eleventh Amendment bars federal court jurisdiction over state law claims against unconsenting states or state officials when the state is the real, substantial party in interest, regardless of the remedy sought." *Cooper v. St. Clous State Uni.*, 226

F.3d 964, 968 (8th Cir. 2000). "This constitutional bar applies with equal force to pendent state law claims." *Id.* (citation omitted). Minnesota has not waived its Eleventh Amendment immunity from suit in federal court. *See DeGidio v. Perpich*, 612 F. Supp. 1383, 1388-89 (D. Minn. 1985). "When a lawsuit is barred by the Eleventh Amendment, the case must be dismissed for lack of subject matter jurisdiction." *Richards*, 2015 WL 1522199, at *14 (citing *Seminole Tribe of Fla. V. Florida*, 517 U.S. 44, 64-65 (1996)). This authority precludes Smith from bringing his claims under the Minnesota Constitution in this Court.

Moreover, "Minnesota courts explicitly refuse to find causes of action for damages under the Minnesota Constitution on their own unless the Minnesota Supreme Court has recognized the cause of action." *Riehm v. Engelking*, 538 F.3d 952, 969 (8th Cir. 2008). The Minnesota Supreme Court has not recognized any cause of action for damages for violations of the Due Process Clause of the Minnesota Constitution. *See Bird v. State, Dep't of Pub. Safety*, 375 N.W.2d 36, 40 (Minn. Ct. App. 1985). As to equal protection and cruel and unusual punishment, Plaintiff has not cited any legal authority indicating the Minnesota Supreme Court has found a cause of action for damages under either provision, and the Court has not located any such authority. Accordingly, Plaintiff's claims for damages under the Minnesota Constitution must fail. *See Nelson v. Williams*, No. CIV. 13-181 (PJS/LIB), 2014 WL 5464159, at *4 (D. Minn. Oct. 27, 2014) ("Plaintiff has not cited to any legal authority to indicate that the Minnesota Supreme Court has recognized a private cause of action for violations of Article I, §§ 2, 3, 5, 7, or 8 of the Minnesota Constitution. Nor has the Court's own research revealed any such

authority.) (dismissing Plaintiff's claims arising from the Minnesota Constitution) (Schiltz, J., *adopting R. & R.* of Brisbois, Mag. J.).

For all of these reasons, the Court recommends dismissal of Smith's claims against Youngberg in her official capacity to the extent they are based on the Minnesota Constitution.  *See Greene*, 2018 WL 2209221 at *4 (finding that to the extent the plaintiff's claims were "based on an alleged violation of the Minnesota Constitution, . . . the Court finds that any such claim against Commissioner Roy should be dismissed because Minnesota courts have not recognized a private right of action to address violations of the Minnesota Constitution."); *see also Richards*, 2015 WL 1522199 at *34 ("[A]ll claims asserted by Richards under the Minnesota Constitution should be dismissed with respect to the State of Minnesota.  Further, all state-law claims asserted against the State Defendants in their official capacities should be dismissed, as the Eleventh Amendment also bars federal jurisdiction over state-law claims against unconsenting state officials.") (citation omitted).

* * *

In sum, the Court recommends granting the Motion to Dismiss in its entirety and dismissing all of Smith's official capacity claims against Youngberg.

### III.    RECOMMENDATION

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS RECOMMENDED THAT:**

1.    The Motion to Dismiss of Defendant Ashley Youngberg in Her Official Capacity Only (Dkt. 20) be **GRANTED**; and

2.    All official capacity claims asserted against Defendant Ashley Youngberg

be **DISMISSED WITH PREJUDICE**.


Dated: July 29, 2022                          *s/Elizabeth Cowan Wright*
                                              ELIZABETH COWAN WRIGHT
                                              United States Magistrate Judge


## NOTICE

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under District of Minnesota Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. D. Minn. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in D. Minn. LR 72.2(c).