# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Mark Anthony Smith Jr., | Case No. 21-cv-2249 (DSD/ECW) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Ashley Youngbird, | |
| Defendant. | |

On October 12, 2021, pro se Plaintiff Mark Anthony Smith Jr. ("Plaintiff" or "Smith") initiated this case under 42 U.S.C. § 1983 against Ashley Youngberg[1] in her official and individual capacities.  (Dkt. 1; *see also* Dkt. 11 at 2, 5-7.)[2]

On November 30, 2021, the Minnesota Attorney General's Office entered an appearance for Youngberg in her official capacity only, and on December 20, 2021, filed a motion to dismiss the claims asserted against Youngberg in her official capacity only. (Dkts. 17, 20.)  On January 18, 2022, the Court ordered Smith to file his opposition to the motion to dismiss on or before January 31, 2022 (Dkt. 26), but Smith never filed an

---

[1] Youngberg is incorrectly identified as "Youngbird" in Smith's pleadings. (*See* Dkt. 25 at 1 ("Defendant Ashley Youngberg (incorrectly named in the pleadings as Youngbird").)  Smith also listed "Mr. Otega" and the Minnesota Department of Corrections as defendants, both defendants have been dismissed from this case.  (Dkt. 1 at 1; *see also* Dkt. 3 at 3-4; Dkt. 8 at 2; Dkt. 11 at 2.)

[2] All page number citations are to the CM/ECF pagination unless otherwise noted.

opposition. On July 29, 2022, the Court issued a Report and Recommendation ("R&R") for dismissal of all claims asserted against Youngberg in her official capacity only. (*See* Dkt. 27.) No party filed objections, and on August 24, 2022, United States District Judge David S. Doty adopted the R&R in its entirety, granted the motion to dismiss, and dismissed all official claims asserted against Youngberg with prejudice. (Dkt 29.)

On January 7, 2022, a private attorney filed a Separate Answer and Counterclaims on behalf of Youngberg in her individual capacity. (Dkt. 25.) In its January 18, 2022 Order, the Court directed Smith to file a reply to the counterclaims by January 31, 2022. (Dkt. 26.) Smith did not do so.

However, it appears that Youngberg did not serve her Separate Answer and Counterclaims on Smith in accordance with Rule 5 of the Federal Rules of Civil Procedure, which require "a pleading filed after the original complaint" to be served on the opposing party, because Youngberg had not filed a certificate of service indicating she had served the pleading on Smith. (*See* Dkt. 28 at 2-3 (quoting Fed. R. Civ. P. 5(a)(1)(B).) As a result, on July 29, 2022, the Court issued an Order ("July 29 Order") stating that "[b]ecause Smith, a pro se prisoner litigant, is not a registered user of CM/ECF, filing the Answer and Counterclaims on CM/ECF does not constitute proper service." (*See id.* at 3 (citing Fed. R. Civ. P. 5(b)(2)(E); Fed. R. Civ. P. 5(d)(1)(B)(i) ("When a paper that is required to be served is served by other means [than the electronic-filing system] . . . if the paper is filed, a certificate of service must be filed with it or within a reasonable time after service."); D. Minn. L.R. 5.1; District of Minnesota Electronic Case Filing Procedures Guide for Civil Cases at 3 ("Prisoner pro se parties

2

must file their documents in paper[,]" available at https://www.mnd.uscourts.gov/sites/mnd/files/Civil-ECF-ProceduresGuide.pdf.).)

Accordingly, and to clarify the procedural posture of this action, the Court ordered: (1) Youngberg to file a certificate of service on or before August 5, 2022, showing she had served the Separate Answer and Counterclaims on Smith in compliance with Rule 5, if she still wished to pursue her counterclaims against Smith; and (2) Smith to file a letter on or before August 27, 2022 stating whether he intends to pursue his claims against Youngberg in her individual capacity. (*Id.* at 4.) The Court stated in the July 29 Order that it would assume Youngberg had "not served Smith (or no longer wishes to pursue her counterclaims) and w[ould] recommend dismissal of the counterclaims" if Youngberg failed to file the required certificate of service by August 5, 2022 and that it would also recommend dismissal of Smith's claims against Youngberg in her individual capacity "for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and for failure to comply with the Court's Orders" if he failed to file the letter by the August 27, 2022 deadline. (*Id.*) To date, Youngberg has not filed any certificate of service and Smith has not filed any letter relating to his claims against Youngberg in her individual capacity, nor has either party sought an extension of time to do so. Youngberg and Smith have therefore failed to comply with this Court's July 29 Order.

Moreover, Smith has not communicated with the Court at any time in the past seven months, and Youngberg has also not filed anything with the Court in her individual capacity since she filed her Separate Answer and Counterclaims on January 7, 2022.

3

Under these circumstances, the Court recommends dismissal of Youngberg's counterclaims against Smith for failure to prosecute and to comply with the Court's July 29 Order and dismissal of Smith's claims against Youngberg in her individual capacity for failure to prosecute and to comply with at least the Court's July 29 Order. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. . . . a dismissal under this subdivision . . . operates as an adjudication on the merits."); *see also* Fed. R. Civ. P. 5(a)(1)(B) (requiring "a pleading filed after the original complaint," such as the Answer and Counterclaims, to be served on the opposing party); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power.'").

## RECOMMENDATION

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS RECOMMENDED THAT:**

1. Plaintiff Mark Anthony Smith, Jr.'s claims against Defendant Ashley Youngberg in her individual capacity be **DISMISSED WITHOUT PREJUDICE**.

2. Defendant Ashley Youngberg's counterclaims against Plaintiff Mark Anthony Smith Jr. in her individual capacity be **DISMISSED WITHOUT PREJUDICE**.

Dated: September 9, 2022                     *s/Elizabeth Cowan Wright*
                                             ELIZABETH COWAN WRIGHT
                                             United States Magistrate Judge

## **NOTICE**

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under District of Minnesota Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. D. Minn. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in D. Minn. LR 72.2(c).